**In the Matter of Jeffrey Dean WALKER and Gretchen Donyce Walker, Debtors.**

**Bankruptcy No. BK95–41306.**

United States Bankruptcy Court, D. Nebraska.

Nov. 7, 1997.

---

Jeanelle S. Kleveland, Lincoln, NE, for Lincoln Lumber Co.

Dana M. London, Lincoln, NE, for Debtors.

Kathleen Laughlin, Chapter 13 Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court upon the debtors' Motion to Avoid Fixing of Lien of Lincoln Lumber Company, and the Debtors' Objection to Claim of Lincoln Lumber Company ("Lincoln Lumber"). I conclude that the motion and objection thereto are sustained in part, and that Lincoln Lumber is not entitled to be paid any interest charges whatsoever, because it charged the debtors excessive interest under Nebraska law.

### Facts

Prior to filing bankruptcy, the debtors owned a construction business and used a revolving charge account with Lincoln Lumber to purchase materials for their business. The debtor, Jeffrey Walker, signed a Security Agreement and Financing Statement in April of 1994, granting Lincoln Lumber a security interest in debtors' property. Lincoln Lumber filed a proof of secured claim in the amount of $20,118.61, which includes principal of $14,357.46, and interest of $5,761.15.

The debtors object to Lincoln Lumber's proof of claim asserting that Lincoln Lumber did not credit the debtors' account for all returned materials and for the services provided by Mr. Walker to Lincoln Lumber. The debtors further assert that the rate of interest charged on their account by Lincoln Lumber was usurious.

The debtors seek to avoid the lien of Lincoln Lumber under section 522(f) on the theory that Lincoln Lumber's lien impairs debtors' exemptions under sections 25–1552 and 25–1556 of the Nebraska Revised Statutes.

Lincoln Lumber asserts that it duly credited the debtors' account for all materials returned, and for all services provided by Mr. Walker. Lincoln Lumber further asserts that the rate of interest asserted in its proof of claim is not usurious. Lincoln Lumber admits that it charged 2% per month on the debtors' account. Lincoln Lumber notes, however, by way of defense, that it calculated the amount due, as set forth in its proof of claim, by using a 16% per annum interest rate.

Lincoln Lumber asserts that the debtors have understated the value of the property claimed as exempt under Nebraska law. Lincoln Lumber asserts that if the debtors' property is valued correctly, the valuations will be increased and lien avoidance under section 522(f) will be more limited than is asserted by the debtors.

### Law

Fed.R.Bank.P. 3001(f) provides that a properly filed proof of claim is prima facie evidence of the amount and validity of the claim. In order to successfully challenge a proof of claim, the debtors must overcome this evidentiary presumption.

In relevant part, Section 522(f) of the Bankruptcy Code provides that a bankruptcy debtor:

may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [applicable state law] if such lien is—... a nonpossessory, nonpurchase-money security interest in any—... (i) household furnishings, household goods,

wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; . . . .

11 U.S.C. § 522(f).

### Discussion

#### Amount of Lincoln Lumber's Claim

As stated, the debtors assert that Lincoln Lumber did not credit them for all materials returned, and for all service provided. However, these general allegations were not supported by credible evidence. The debtor, Mr. Jeffrey Walker, did not have the ability to recollect facts and to testify to specific facts in any detail. He could not remember specifically what goods and materials were returned, although he did provide some specific testimony as to some I-beams. The debtor did testify as to various services he provided to Lincoln Lumber, but he could not testify with any degree of detail and credibility, as to the amount of money with which he was not credited for services rendered. On the other hand, Lincoln Lumber provided particularized testimony based on its books and records as to the credits it provided Mr. Walker for specific materials returned and the credits it provided to Mr. Walker for services which he rendered. I conclude that Mr. Walker has not overcome the evidentiary effect of the proof of claim filed by Lincoln Lumber as to the amount due. Even if Mr. Walker was deemed to have overcome that presumption, I conclude that Mr. Walker was, in fact, credited for all materials which he returned and for all services which he provided.

#### Excessive Interest Charges

I conclude that Lincoln Lumber charged the debtors interest in excess of the Nebraska statutory limitations, and that the statutory remedy for excessive interest is that Lincoln Lumber is precluded from collecting any interest on its debt.

Under Nebraska law, the general interest rate limitation is 16% per annum, pursuant to section 45–101.03(1). Certain exceptions to this interest rate ceiling are provided in section 45–101.04. It is agreed by the parties that under section 45–101.04(7), Lincoln Lumber is authorized to charge interest at the rate of 1 1/3rd percent per month for charges that remain unpaid for 30 days. However, Lincoln Lumber has admitted that it charges its customers 2% per month on the unpaid balance of accounts that remain unpaid for 30 days. In particular, in this case, Lincoln Lumber acknowledges that it charged the debtors interest at the rate of 2% per month. This is an annual rate of approximately 24%. This interest charge exceeds the Nebraska statutory limitations.

The statutory penalty for charging excessive interest is set forth in Neb.Rev.Stat. § 45–105, which provides that a creditor who charges excessive interest may recover only the unpaid principal balance of its obligation without interest. By charging an excessive rate of interest, a creditor forfeits all interest on the obligation. Accordingly, I conclude that Lincoln Lumber is not entitled to be paid any interest whatsoever on the debtors' obligation.

Lincoln Lumber shall file an amended proof of claim which sets forth a reconstruction of debtors' account with no interest charges. The amended proof of claim shall have attached to it, a detailed accounting which sets forth how Lincoln Lumber has calculated the unpaid balance of the loan.

#### Avoidance of Lien

Under section 522(f), the debtors are authorized to avoid a lien which impairs certain exempt property. I conclude that Lincoln Lumber does not hold an enforceable lien in debtors' motor vehicles and that avoidance under section 522(f) is moot. I further conclude that the debtors may avoid Lincoln Lumber's lien in tools of the trade, in part.

Lincoln Lumber was granted a UCC Article 9 security interest in 4 motor vehicles of the debtor. However, Lincoln Lumber failed to have its lien duly noted on the vehicles' certificates of title, as is required by the Nebraska Uniform Commercial Code and

the Nebraska Certificate of Title laws. Under Neb.Rev.Stat. § 60–110, a security interest in a motor vehicle is not enforceable against third parties and against the debtors, unless the lien is duly noted on the certificate of title. Accordingly, the lien of Lincoln Lumber in the motor vehicles is not enforceable and its claim is not secured by the value of the motor vehicles.

■ With respect to the avoidance of Lincoln Lumber's duly perfected security interest in debtors' tools, I conclude that the replacement value of the debtors' SnapOn tools is $3,500.00. The debtors are entitled to an exemption in the amount of $1,500.00 for tools under section 25–1556, and may avoid Lincoln Lumber's lien in $1,500.00 worth of tools.

IT IS THEREFORE ORDERED, that the Objection to Claim of Lincoln Lumber Company (Fil.# 48) is sustained in part. Lincoln Lumber has charged excessive interest on debtors' account and Lincoln Lumber shall not be entitled to an allowed claim of any interest. Within 14 days hereof, Lincoln Lumber shall file an amended proof of claim, as stated herein.

IT IS FURTHER ORDERED, that the Motion to Avoid Fixing of Lien of Lincoln Lumber Company is sustained in part. The debtors may avoid the lien of Lincoln Lumber Company to the extent that it impairs $1,500.00 worth of debtors' exempt tools. Within 14 days hereof, the debtors shall provide a list to Lincoln Lumber Company, specifically identifying all the debtors' tools, with annotations indicating which particular tools are claimed as exempt.

IT IS FURTHER ORDERED, that the lien of Lincoln Lumber does not extend to any of the debtors' vehicles.

IT IS SO ORDERED.